UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CAMRON BELCHER,

     Plaintiff,

vs.

MICHAEL GRACE, CODY EATON,
TONJA RIEDY, RONA SIEGERT,
"CALVERT", and "GALAHAD,"

     Defendants.

Case No. 1: 22-cv-00256-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

The Complaint of Plaintiff Camron Belcher was conditionally filed by the Clerk of

Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means

that Plaintiff must obtain authorization from the Court to proceed. All prisoner and

pauper complaints seeking relief against a government entity or official must be screened

by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915

& 1915A. The Court must dismiss any claims that state a frivolous or malicious claim,

fail to state a claim upon which relief may be granted, or seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be

permitted to proceed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state an Eighth Amendment claim regarding prison medical or dental care, a complaint must contain facts alleging that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that

prisoners will have unqualified access to health care, deliberate indifference to medical

needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in
> further significant injury or the unnecessary and wanton
> infliction of pain; . . . [t]he existence of an injury that a
> reasonable doctor or patient would find important and worthy
> of comment or treatment; the presence of a medical condition
> that significantly affects an individual's daily activities; or the
> existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*,

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious

medical condition or when an official is "aware of facts from which the inference could

be drawn that a substantial risk of harm exists," and actually draws such an inference.

*Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be

"manifested by prison doctors in their response to the prisoner's needs or by prison

guards in intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976). A complaint alleging that a defendant acted with deliberate indifference requires

factual allegations that show "both '(a) a purposeful act or failure to respond to a

prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Jett v.*

*Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## 2.  Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He asserts that three or more of his teeth have been causing him great pain since 2017. He alleges that the IDOC's policy is to permit each inmate to have only one tooth fixed per dental visit. The policy also provides that teeth needing root canals or crowns will instead be removed. After one tooth is fixed, the inmate is placed back in a long queue to have another tooth fixed when his next turn arises.

Plaintiff asserts that he suffers from tremendous pain from his unfixed cavities while he waits to see the dentist for his next turn. He suffers from bleeding, swelling, headaches, and pain during eating. He requests injunctive relief and monetary damages from the prison dental providers' alleged indifference.

When Plaintiff filed a grievance, the response was as follows:

> We are sorry to hear that you feel you are being left to suffer in pain. There are several factors that determine how many fillings a dentist can complete in one sitting. Some of those factors (but not all) include: how much decay needs to be removed, location of decay on the tooth, location of the teeth in the mouth, the amount of anesthetic needed, and the discomfort of the patient holding their mouth open for too long.

Dkt. 3-1, p. 7. The appellate reviewers agreed with the response and added that the needs of other patients were also considerations in dental appointment scheduling. *Id*., p. 8.

### A.      *Scheduling Repair of Only One Tooth at a Time*

Plaintiff asserts that prison dentists are permitted to fix only one tooth at a time due to the prison medical contractor's policy or custom. The response to the grievance suggests otherwise. However, Plaintiff has alleged that each dentist he has seen has

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

enforced the "one tooth per visit" policy rather than a policy of repairing as much as can be done in one visit, whether it be one or several teeth. Plaintiff suggests he is left in pain between visits. While Plaintiff is not entitled to have all of his teeth fixed at once—which would be better care than persons in the outside world receive—he must not be left to suffer in extreme pain while awaiting additional dental work. It is unclear which IDOC or medical contractor personnel are charged with managing Plaintiff's pain, but that seems to be where Plaintiff's Eighth Amendment claims lie unless he can show that his case is unusually urgent and that the dentists recognized and ignored that condition. Construing Plaintiff's claims liberally, the Court will permit him to proceed against the named Defendants.

B.      *Extractions vs. Root Canals and Crowns*

The Ninth Circuit has previously held that denying inmates root canals based on a blanket policy or practice of not performing root canals except under limited circumstances does not constitute deliberate indifference. *See Swartz v. Steinhauser*, No. 97-15721, 125 F.3d 859, 1997 WL 599547, at *1 n.2 (9th Cir. 1997); *Johnson v. Alameda Cnty. Sheriff's Dep't*, No. 88-2792, 892 F.2d 83, 1989 WL 150630, at *2 (9th Cir. 1989). However, the Court will also permit him to proceed on this claim, liberally construing it to include the possibility that there is something unique about Plaintiff's particular set of circumstances.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### C.    *Timeliness Issues*

Plaintiff asserts that his dental care issues date back to 2017. However, he did not file his Complaint until June 18, 2022 (mailbox rule date). Therefore, Plaintiff can reach back to incidents regarding denial of dental care claims to June 18, 2020, but no farther.

### D.    *Defendants Working for both Contracted Medical Providers*

Corizon, Inc., was the contracted medical provider at the IDOC until September 30, 2021. Beginning on October 1, 2021, Centurion, a new medical provider, began providing medical services. Many of the same practitioners worked and work for both companies. In this case, Plaintiff asserts damages claims for failure to provide past care, some of which accrued during Corizon's tenure, while his injunctive relief claims and newer damages claims arose under and continue to accrue under Centurion's care. Therefore, the Court will notify counsel for both entities, which can notify the Court as to how they intend to defend and proceed with this action.

## 3.  Conclusion

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

**ORDER**

**IT IS ORDERED:**

1.    Plaintiff may proceed on Eighth Amendment claims against Defendants

Michael Grace, Cody Eaton, Tonja Riedy, Dr. Calvert, Dr. Galahad and

Rona Siegert.

2.    Defendants will be allowed to waive service of summons by

executing, or having their counsel execute, the Waiver of Service of

Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the

Court within 30 days. If Defendants choose to return the Waiver of

Service of Summons, the answer or pre-answer motion will be due

in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of

Court will forward a copy of the Complaint (Dkt. 3), a copy of this

Order, and a Waiver of Service of Summons to the following

counsel:

   a.  Mary Karin Magnelli, Deputy Attorney General for the State

       of Idaho, Idaho Department of Corrections, 1299 North

       Orchard, Ste. 110, Boise, Idaho 83706, on behalf of

       Defendant Rona Siegert.

   b.  Aynsley Harrow Mull, Associate General Counsel for

       Centurion, at Ms. Mull's email address on file with the Court,

       on behalf of the Centurion Defendants: Michael Grace, Cody

       Eaton, Tonja Riedy, Rona Siegert, Dr. Calvert, Dr. Galahad,

if employed by or contracted with Centurion after the date

Centurion assumed the IDOC medical contract and replaced

Corizon.

    c.  Kevin West and Dylan Eaton, Parsons Behle & Latimer, 800

W. Main Street, Suite 1300, Boise, Idaho, 83702, on behalf of

the Corizon Defendants Michael Grace, Cody Eaton, Tonja

Riedy, Rona Siegert, Dr. Calvert, Dr. Galahad, for acts

alleged within the time period before the Corizon contract

with the IDOC ended.

3.     Should any entity determine that the individuals for whom counsel

for the entity was served with a waiver are not, in fact, its employees

or former employees, or that its attorney will not be appearing for

the entity or for particular former employees, it should file a notice

within the CM/ECF system, with a copy mailed to Plaintiff,

indicating which individuals for whom service will not be waived.

4.     If Plaintiff receives a notice from Defendants indicating that service

will not be waived for an entity or certain individuals, Plaintiff will

have an additional 90 days from the date of such notice to file a

notice of physical service addresses of the remaining Defendants, or

claims against them will be dismissed without prejudice without

further notice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

5.    The parties must follow the deadlines and guidelines in the Standard

Disclosure and Discovery Order for Pro Se Prisoner Civil Rights

Cases, issued with this Order.

6.    Any amended pleadings must be submitted, along with a motion to

amend, within 150 days after entry of this Order.

7.    Dispositive motions must be filed no later than 300 days after entry

of this Order.

8.    Each party must ensure that all documents filed with the Court are

simultaneously served upon the opposing party (through counsel if

the party has counsel) by first-class mail or via the CM/ECF system,

pursuant to Federal Rule of Civil Procedure 5. Each party must sign

and attach a proper mailing certificate to each document filed with

the court, showing the manner of service, date of service, address of

service, and name of person upon whom service was made.

9.    The Court will not consider ex parte requests unless a motion may

be heard ex parte according to the rules and the motion is clearly

identified as requesting an ex parte order, pursuant to Local Rule of

Civil Practice before the United States District Court for the District

of Idaho 7.2. ("Ex parte" means that a party has provided a

document to the court, but that the party did not provide a copy of

the document to the other party to the litigation.)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

10.     All Court filings requesting relief or requesting that the Court make

a ruling or take an action of any kind must be in the form of a

pleading or motion, with an appropriate caption designating the

name of the pleading or motion, served on all parties to the

litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11,

and Local Rules of Civil Practice before the United States District

Court for the District of Idaho 5.1 and 7.1. The Court will not

consider requests made in the form of letters.

11.     No party may have more than three pending motions before the

Court at one time, and no party may file a motion on a particular

subject matter if that party has another motion on the same subject

matter currently pending before the Court. Motions submitted in

violation of this Order may be stricken, summarily denied, or

returned to the moving party unfiled.

12.     Plaintiff must notify the Court immediately if Plaintiff's address

changes. Failure to do so may be cause for dismissal of this case

without further notice.

13.     Pursuant to General Order 324, this action is hereby returned to the

Clerk of Court for random civil case assignment to a presiding

judge, on the proportionate basis previously determined by the

District Judges, having given due consideration to the existing

caseload.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

DATED: November 8, 2022

B. Lynn Winmill
U.S. District Court Judge